AGNES I. FOX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100157.   Promulgated March 13, 1941.

*Jacob Schapiro, Esq.,* and *Harold Wisan, Esq.,* for the petitioner.
*F. S. Gettle, Esq.,* for the respondent.

896

## OPINION.

VAN FOSSAN: The only issue for our determination is whether or not petitioner is entitled to a deduction for interest paid in the taxable year on sums paid to insurance companies which were denominated by petitioner as interest accrued on policy loans prior to assignments to petitioner of the policies upon which the loans had been made.

Petitioner contends that the mere fact that she paid more than the current year's interest to the insurance companies in the taxable year is immaterial, since she was on the cash basis. She maintains that by virtue of being a beneficiary under the policies she had an equity in the policies before they were assigned to her and hence was entitled to deduct interest due but not paid in prior years but paid as indi-

cated in the facts in the taxable year. She urges that in any event respondent erred in limiting her deduction for interest paid to those amounts accruing after assignment of the policies to her. In regard to this contention she asserts that she is entitled to deduct at least those amounts of interest paid which became payable after her acquisition of the policies. Respondent argues that petitioner's payment of interest which accrued prior to the assignment of the policies to her is not deductible because it was paid upon the obligations of another. He contends that the overdue interest which the insurance companies had added to principal of the various loans ceased to be interest and became principal so that neither petitioner nor her husband can obtain a deduction for interest paid by payment in a later year of the amounts which had previously been added to the principal by the insurance companies. We sustain the respondent.

Upon the addition of the overdue interest to the principal of the loans by the insurance companies the interest due lost its character as interest and became principal. This was not a mere bookkeeping device since interest immediately began to run upon the amounts added to principal. We are of the opinion that amounts paid by petitioner during the taxable year claimed to represent past-due interest which had been added to principal of the policy loans did not constitute "interest paid" within the meaning of the statute. Nor is it material that several of the insurance companies issued statements to petitioner in the taxable year indicating that the companies had withdrawn "interest" from principal and again treated it as interest. After the amounts have been added to principal the fact that the insurance companies are willing to designate payments as interest will not give such payments the characteristics necessary for deductibility under the statute. We hold that petitioner is not entitled to deduct the amounts paid upon the policy loans which had been added to the principal of the loans by the insurance companies.

There remains the question of the deductibility of those amounts paid by petitioner to the companies in the taxable year which related to interest on the policy loans becoming payable after February 29, 1936, the date on which the policies were assigned to petitioner. Respondent has allowed petitioner a deduction for interest on the loans which accrued after February 29, 1936, and which was paid by petitioner in the year 1936. He denies that petitioner may deduct interest which became due after February 29, 1936, but which is allocable to the period before the date of assignment of the policies to petitioner.

Petitioner argues that she may deduct interest which accrued before the date of assignment because she had an equity in the policies by virtue of being the named beneficiary before the policies were assigned to her. She urges that under New York law the interest of a beneficiary of a policy of life insurance is protected and that

she had acquired sufficient ownership in the policies before the assignment to permit her to treat the policy loans as her obligations. Whatever petitioner's equity in the policies before their assignment to her may have been, we can not ignore the fact that petitioner's husband was the person who borrowed on the policies. It was he who had the obligation to pay interest and the obligation continued until the date of assignment to petitioner. Proration must be made as of that date.

In *Harvey M. Toy*, 34 B. T. A. 877, we stated:

> The statutory deduction for interest (Revenue Act of 1928, sec. 23 (b), *supra*) is limited to amounts chargeable against the taxpayer *qua interest* (*Automatic Sprinkler Co. of America*, 27 B. T. A. 160) upon his indebtedness. *Morris Plan Co. of Binghamton*, 26 B. T. A. 772. * * *

The quoted statement is applicable here. Only those amounts which may be considered interest on petitioner's indebtedness are deductible. The amounts paid by petitioner in the taxable year which were allocable to the period during which the loans were clearly the obligations of her husband are not deductible by petitioner as interest paid. *Helen B. Sulzberger*, 33 B. T. A. 1093; *Colston v. Burnet*, 39 Fed. (2d) 867; certiorari denied, 287 U. S. 640.

We hold that respondent was correct in disallowing petitioner's deduction of amounts paid to the insurance companies which were attributable to interest accrued on the loans prior to February 29, 1936.

*Decision will be entered for the respondent.*